**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

NIEVES L. RODRIGUEZ,                                    Civil Action No.:

               Plaintiff,                          **COMPLAINT**

    -against-

VICTOR'S WOOD FIRED PIZZA LLC
d/b/a MIKE & JOE'S WOOD FIRED
PIZZA, 944 RT CORP d/b/a MIKE & JOE'S
WOOD FIRED PIZZA, and VICTOR
VULJEVIC,

               Defendants.
--------------------------------------------------------X

      Plaintiff, NIEVES L. RODRIGUEZ ("Plaintiff"), as and for his Complaint against

Defendants, VICTOR'S WOOD FIRED PIZZA LLC d/b/a MIKE & JOE'S WOOD FIRED

PIZZA ("Victor's Wood Fired Pizza"), 944 RT CORP. d/b/a MIKE & JOE'S WOOD FIRED

PIZZA ("944 Rt Corp."), and VICTOR VULJEVIC ("Vuljevic") (collectively, "Defendants"),

respectfully alleges as follows:

## JURISDICTION AND VENUE

    1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of

the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief

related to his employment with Defendants.

    2.     Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the

FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male who resides in the State of New York.

6.      Upon information and belief, Vuljevic is an adult male who resides in the State of New York.

7.      Upon information and belief, Victor's Wood Fired Pizza is a domestic limited liability company duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, Victor's Wood Fired Pizza maintains a principal place of business located at 961 Route 6, Mahopac, New York 10541.

9.      Upon information and belief, 944 Rt Corp. is a domestic business corporation duly organized and existing under the laws of the State of New York.

10.      Upon information and belief, 944 Rt Corp. maintains a principal place of business located at 944 Route 6, Mahopac, New York 10541.

## FACTS

11.      Victor's Wood Fired Pizza owns and operates a pizzeria restaurant known by the name, Mike & Joe's Wood Fired Pizza, located at 961 Route 6, Mahopac, New York.

12.      944 Rt Corp. owns and operates a pizzeria restaurant known as Mike & Joe's Wood Fired Pizza, located at 944 Route 6, Mahopac, New York.

2

13.    Upon information and belief, Victor's Wood Fired Pizza and 944 Rt Corp. were and are part of a single integrated enterprise that jointly employed Plaintiff.

14.    Upon information and belief, Victor's Wood Fired Pizza and 944 Rt Corp.'s operations were and are interrelated and unified.

15.    Upon information and belief, Victor's Wood Fired Pizza and 944 Rt Corp. shared common management, were centrally controlled, and/or were owned by Vuljevic.

16.    Upon information and belief, Victor's Wood Fired Pizza and 944 Rt Corp. shared employees, merchandise, and supplies.

17.    Plaintiff is a former employee of Victor's Wood Fired Pizza and 944 Rt Corp. at their pizzeria restaurants.

18.    Victor's Wood Fired Pizza and 944 Rt Corp. maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

19.    Upon information and belief, at all relevant times, Vuljevic was an owner, officer, director, shareholder, and/or managing agent of Victor's Wood Fired Pizza and 944 Rt Corp.

20.    Upon information and belief, at all relevant times, Vuljevic was the Chief Executive Officer of Victor's Wood Fired Pizza and 944 Rt Corp.

21.    Upon information and belief, at all relevant times, Vuljevic participated in running the daily operations of Victor's Wood Fired Pizza and 944 Rt Corp.

22.    At all relevant times, Vuljevic participated in the management and supervision of Plaintiff and his work for Victor's Wood Fired Pizza and 944 Rt Corp., respectively.

23.    Upon information and belief, at all relevant times, Vuljevic exercised operational control over Victor's Wood Fired Pizza and 944 Rt Corp., controlled significant business functions

3

of Victor's Wood Fired Pizza and 944 Rt Corp., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Victor's Wood Fired Pizza and 944 Rt Corp. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

24.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

25.     From June 2021 until about August 9, 2022, Defendants employed Plaintiff as a food preparer for their benefit and at their direction.

26.     During his employment, Plaintiff worked 6 days a week, with Wednesdays being his day off.

27.     During his employment, Plaintiff worked from 10:00 a.m. to 10:00 p.m. each day except Sunday he worked 11:00 a.m. to 9:00 p.m.

28.     Plaintiff worked at both Mike & Joe's pizzeria locations.

29.     During his employment, Plaintiff was not given any meal breaks in excess of 15 minutes.

30.     During this time, Plaintiff typically worked 70 hours a week.

31.     During this time, Defendants paid Plaintiff a set weekly salary.

32.     During this time, Defendants did not pay Plaintiff overtime compensation for any hours worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

33.     Defendants did not pay Plaintiff spread of hours compensation at a rate of one additional hour of pay at the statutory minimum wage rate for each day that his spread of hours exceeded ten (10).

34.     Defendants failed to provide Plaintiff with a wage notice at the time of his hiring or at any time thereafter, as required by NYLL § 195(1).

35.     Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

36.     Vuljevic participated in the decision to hire Plaintiff.

37.     Vuljevic participated in deciding the job duties that Plaintiff performed.

38.     Vuljevic participated in the supervision of Plaintiff's job duties and responsibilities.

39.     Vuljevic participated in setting Plaintiff's work schedules.

40.     Vuljevic participated in deciding the hours that Plaintiff worked.

41.     Vuljevic participated in deciding the manner in which Plaintiff was paid.

42.     Vuljevic participated in deciding the compensation Plaintiff was paid.

43.     Vuljevic participated in running the day-to-day operations of Victor's Wood Fired Pizza and 944 Rt Corp. during Plaintiff's employment.

44.     Defendants managed Plaintiff's employment, including the amount of time he worked each week.

45.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

46.     Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

47.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
### BY GARCIA AS AGAINST ALL DEFENDANTS
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

48.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

49.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

50.     Defendants were and are subject to the overtime pay requirements of the FLSA because Victor's Wood Fired Pizza and 944 Rt Corp. were each an enterprise, or together a joint enterprise, engaged in commerce or in the production of goods for commerce during the relevant years of Plaintiff's employment.

51.     At all times relevant to this Complaint, Victor's Wood Fired Pizza and 944 Rt Corp. had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, food items, and equipment that originated outside of the State of New York.

52.     Upon information and belief, the gross annual volume of sales made or business done by Victor's Wood Fired Pizza and 944 Rt Corp., either individually or jointly, for 2021, was not less than $500,000.00.

53.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

54.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

55.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

56.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

57.     However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

58.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

59.     Defendants did not act in good faith with respect to the conduct alleged herein.

60.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**AGAINST ALL DEFENDANTS**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

61.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

62.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

63.     At all times relevant to this Action, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

64.     At all times relevant to this Action, Victor's Wood Fired Pizza owned and operated Mike & Joe's Wood Fired Pizza, which is a restaurant as defined by the regulations pertaining to the NYLL.

65.     At all times relevant to this Action, 944 Rt Corp. owned and operated Mike & Joe's Wood Fired Pizza, which is a restaurant as defined by the regulations pertaining to the NYLL.

66.     At all times relevant to this Action, Plaintiff was an "employee" within the meaning of the NYLL and the supporting Regulations pertaining thereto.

67.     At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

68.     At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

69.     The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

70.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

71.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

72.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for

Defendants.

73.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the exemptions available under New York law.

74.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

75.     Defendants did not act in good faith with respect to the conduct alleged herein.

76.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**AGAINST ALL DEFENDANTS**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

77.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78.     In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

79.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

80.     As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**<u>FAILURE TO PROVIDE WAGE NOTICES</u>**

81.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

82.     Defendants willfully failed to furnish Plaintiff with compliant wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

83.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

84.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

85.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

87.     Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

88.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, THE NHG LAW GROUP, P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.     Declare and find that all Defendants committed one or more of the following acts:

1.     Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and spread of hours pay;

3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and statements;

B.    Award compensatory damages, including all wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL wages due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       November 11, 2022

THE NHG LAW GROUP, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

## FAIR LABOR STANDARDS ACT – CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Victor's Wood Fired Pizza LLC, 944 RT Corp, Victor Vuljevic** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **Victor's Wood Fired Pizza LLC, 944 RT Corp, Victor Vuljevic** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

Fecha:        August 23, 2022

Firma:        _____
              Nieves Joel Licona Rodríguez