UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NIEVES L. RODRIGUEZ,
                Plaintiff,

v.

VICTOR'S WOOD FIRED PIZZA LLC d/b/a
MIKE & JOE'S WOOD FIRED PIZZA; 944
RT CORP d/b/a MIKE & JOE'S WOOD
FIRED PIZZA; and VICTOR VULJEVIC,
                Defendants.
--------------------------------------------------------------x

**ORDER**

22 CV 9654 (VB)

7/7/23

       On June 30, 2023, plaintiff Nieves L. Rodriguez in this Fair Labor Standards Act ("FLSA") case filed a settlement agreement (Doc. #25-1) and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       In reviewing the proposed settlement agreement as a whole, the Court has considered the following factors:

       (i)     plaintiff's position that the settlement agreement fairly accounts for his potential recovery;

       (ii)    defendants' position that plaintiff was properly paid and they "are confident that they would be able to completely negate the reasonableness of [p]laitniff's estimates of the hours he worked each week" (Doc. #24 at 2);

       (iii)   plaintiff is represented by counsel experienced in FLSA and New York Labor Law ("NYLL") matters;

       (iv)   the settlement was reached with the assistance of, and encouraged by, a neutral mediator;

       (v)    the release is not overbroad;

       (vi)   there is no confidentiality requirement or non-disparagement clause;

       (vii)  the parties desire to resolve this action early and avoid the possible substantial burdens, expenses, and risks associated with protracted litigation—including the risk that plaintiff could receive no recovery at all; and

       (viii) the claims released by plaintiff are limited to FLSA and NYLL claims.

       Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

1

Additionally, having reviewed the billing records and related information submitted by plaintiff's counsel, the Court finds the attorneys' fees, which are 33.33 percent of plaintiff's total recovery, plus the reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement is APPROVED.  (Doc. #25-1).

Dated: July 7, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge